Kenneth R. Puhala (KP-8104)
Matthew S. Tamasco (MT-9193)
Cynthia A. Murray (CM-8900)
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005-1101
Telephone: 212-973-8000
Facsimile: 212-972-8798
E-Mail: kpuhala@schnader.com

*Attorneys for Defendant Flowers Today, Inc. d/b/a Blooms Today*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | |
|---|---|
| NEXT JUMP, INC., | |
| Plaintiff, | **ECF CASE** |
| -v.- | **ANSWER AND COUNTERCLAIMS OF DEFENDANT FLOWERS TODAY, INC. d/b/a BLOOMS TODAY TO PLAINTIFF'S COMPLAINT** |
| FLOWERS TODAY, INC. d/b/a BLOOMS TODAY, | |
| Defendant. | 08 CIV 4745 (GEL) |

------------------------------------------------------X

Defendant Flowers Today, Inc. d/b/a Blooms Today ("Blooms Today"), by its undersigned counsel, for its Answer and Counterclaims to Plaintiff's Complaint (the "Complaint"), states as follows:

## NATURE OF THE ACTION

1. Paragraph 1 of the Complaint does not contain an allegation of fact and therefore no response is required, but to the extent an answer is required, denies the allegations contained therein.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint contains assertions of law as to which no response is required, but to the extent an answer is required, admits the allegations contained therein.

3. Paragraph 3 of the Complaint contains assertions of law as to which no response is required, but to the extent an answer is required, admits the allegations contained therein.

## THE PARTIES

4. Denies that Next Jump is a Delaware corporation and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint.

5. Denies the allegations contained in Paragraph 5 of the Complaint, except admits that Blooms Today is a Virginia corporation and internet-based seller of floral arrangements with its principal place of business located at 15405 John Marshall Highway, Haymarket, Virginia 20169.

## FACTUAL BACKGROUND

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Denies the allegations contained in Paragraph 7 of the Complaint.

8. Denies the allegations contained in Paragraph 8 of the Complaint, except admits that the agreement attached to the Complaint provides that it is governed by the Laws of the Commonwealth of Virginia.

9. Denies the allegations contained in Paragraph 9 of the Complaint and refers to the contents of the Agreement for the terms thereof.

10. Denies the allegations contained in Paragraph 10 of the Complaint and refers to the contents of the Agreement for the terms thereof.

11. Denies the allegations contained in Paragraph 11 of the Complaint and refers to the contents of the Agreement for the terms thereof.

12. Denies the allegations contained in Paragraph 12 of the Complaint and refers to the contents of the Agreement for the terms thereof.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as to what services were performed.

16. Denies the allegations contained in Paragraph 16 of the Complaint.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

18. Denies the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations contained in Paragraph 19 of the Complaint and refers to the contents of the Agreement for the terms thereof.

20. Denies the allegations contained in Paragraph 20 of the Complaint, except admits that Blooms Today paid invoice number 80690 in the amount of $115,000.

21. Denies the allegations contained in Paragraph 21 and refers to the contents of the Agreement for the terms thereof, except to admit that Next Jump delivered invoice numbers 10043, 10044, 10045, 10046, 10047 and 10048 to Blooms Today.

22. Denies the allegations contained in Paragraph 22 and refers to the contents of the Agreement for the terms thereof, except to admit that Next Jump delivered invoice numbers 10117, 10652 and 10661 to Blooms Today.

23. Denies the allegations contained in Paragraph 23 and refers to the contents of the Agreement for the terms thereof, except to admit that Next Jump delivered invoice numbers 331, 386, 442, 498, 80866 and 710 to Blooms Today.

24. Denies the allegations contained in Paragraph 24 of the Complaint, except to admit that Blooms Today made payments totaling approximately $315,000 to Next Jump.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Denies the allegations contained in Paragraph 30 of the Complaint.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

31. Repeats and alleges its responses to Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. Denies the allegations contained in Paragraph 32 of the Complaint.

33. Denies the allegations contained in Paragraph 33 of the Complaint.

34. Denies the allegations contained in Paragraph 34 of the Complaint.

35. Denies the allegations contained in Paragraph 35 of the Complaint.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

37. Denies the allegations contained in Paragraph 37 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Account Stated)

38.  Repeats and alleges its responses to Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39.  Denies the allegations contained in Paragraph 39 of the Complaint, except admits that certain payments were made to Next Jump.

40.  Denies the allegations contained in Paragraph 40 of the Complaint.

41.  Denies the allegations contained in Paragraph 41 of the Complaint.

42.  Denies the allegations contained in Paragraph 42 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

43.  Repeats and alleges its responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44.  Denies the allegations contained in Paragraph 44 of the Complaint.

45.  Denies the allegations contained in Paragraph 45 of the Complaint.

46.  Denies the allegations contained in Paragraph 46 of the Complaint.

47.  Denies the allegations contained in Paragraph 47 of the Complaint.

48.  Denies the allegations contained in Paragraph 48 of the Complaint.

49.  Denies the allegations contained in Paragraph 49 of the Complaint.

50.  Denies the allegations contained in Paragraph 50 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

51.  The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

52.  Plaintiff's claims are barred, in whole or in part, by the doctrine of mistake.

## THIRD AFFIRMATIVE DEFENSE

53.     Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

54.     Plaintiff's claims are barred, in whole or in part, under the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

55.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's own illegal, fraudulent and/or improper actions.

## COUNTERCLAIMS

### Nature of Counterclaims

By these Counterclaims, Blooms Today seeks damages and/or equitable relief for fraud in the inducement, actual fraud, constructive fraud, unjust enrichment and/or breach of contract.

### Parties

1.      Counterclaim-Plaintiff Blooms Today is a Virginia corporation with its principal place of business located at 15405 John Marshall Highway, Haymarket, Virginia 20169.

2.      Upon information and belief, Counterclaim-Defendant Next Jump is a Massachusetts corporation with its principal place of business located at 261 Fifth Avenue, 8th Floor, New York, New York.

### Background

3.      On or about May 15, 2006, Jennifer Stein, Director of Client Services at Next Jump ("Stein"), contacted Blooms Today via email regarding the potential marketability of

6

Blooms Today to Fortune 1000 companies that were purported clients of Next Jump, including Goldman Sachs, Merrill Lynch, Morgan Stanley and JP Morgan Chase. Next Jump described itself as a manager of a network of 25 million customers.

4.  On or about July 24, 2006, Stein wrote an email to Heather Gniazdowski, Vice President of eCommerce at Blooms Today ("Gniazdowski"), providing a high level update on Next Jump. Stein represented that Next Jump had a customer database of 75 million unique users and was looking to exceed 100 million by the end of 2006. Stein represented that some of Next Jump's new clients included Harrah's, Wall Street Journal subscribers, Sony customers and American Express cardholders.

5.  On or about August 15, 2006, Stein wrote an email to Gniazdowski regarding developing a strategic partnership between Next Jump and Blooms Today. Next Jump indicated a partnership with Blooms Today could lead to "a $10 million revenue opportunity" based upon orders generated from marketing efforts using Next Jump's services.

6.  On or about October 12, 2006, John Morely, Executive Vice President, Marketing at Blooms Today ("Morely"), submitted a proposal to Stein of Next Jump that included a guarantee on sales.

7.  On or about October 18, 2006, Morely wrote to Stein regarding the partnership proposal. Morely requested that in the event that an annual order goal of 100,000 orders was not met, Next Jump would continue to market Blooms Today as a Tier 2 partner at no additional expense until the goal of 100,000 orders was reached. In the alternative, Next Jump could refund to Blooms Today the difference between achieved orders and sales goals at $10 per order.

PHDATA 3102658_2

8. On or about November 1, 2006, Morely wrote an email to Stein indicating that Blooms Today would need a guarantee on sales before it could move forward with a partnership with Next Jump.

9. On or about December 1, 2006, Morely sent a proposal to Stein that included a guarantee of $15,750,000 in gross sales in 12 months.

10. Throughout the negotiations in 2006 and 2007, representatives from Next Jump, including Stein, and Blooms Today, including Gniazdowski and Morley, continued to discuss the possibility of Blooms Today entering into a marketing agreement with Next Jump as a Tier 2 partner that would include a guarantee on the number of orders Next Jump would generate for Blooms Today.

11. Representatives from Next Jump, including Stein, made multiple oral and written representations that minimum sales guarantee threshold provisions would be included in the agreement.

12. On or about May 29, 2007, Stein proposed to Morely and Gniazdowski that Blooms Today enter into an agreement with Next Jump in which Next Jump would provide a guarantee of 120,000 orders. If Next Jump failed to reach the goal of 120,000 orders in the first year, Next Jump would continue to market Blooms Today until the goal was met with "no upfront cost" to Blooms Today.

13. On or about June 1, 2007, Stein sent a draft Merchant Offer Master Agreement to Don Mayer, President of Blooms Today ("Mayer"), with a copy to Gniazdowski and Morely via email.

14. On or about June 1, 2007, Gniazdowski indicated to Stein that the agreement did not contain any mention that Next Jump will guarantee delivery of 120,000 orders over the term of the agreement as agreed by the parties.

15. On or about June 1, 2007, Stein asked Gniazdowski to have Blooms Today's legal team red line the agreement for Stein to get the agreement approved.

16. Throughout the negotiations, Blooms Today repeatedly informed Next Jump that any agreement between the parties would need to contain a provision in which Next Jump would guarantee a minimum number of orders to Blooms Today.

17. On or about June 11, 2007, Mayer sent a revised Merchant Offer Master Agreement ("Proposed Agreement") to Stein. The Proposed Agreement provided, *inter alia*, that Blooms Today would pay Next Jump a one-time Implementation Fee of $115,000, a Monthly Marketing Fee of $100,000 for marketing services outlined in Exhibit A of the Agreement, a commission of 2.5% of merchandise value ("Ongoing Offer Transaction Fees") and Registered Card Transaction Fees.

18. Section 3.2.1 of the Proposed Agreement stated, in relevant part:

> Notwithstanding anything in this Agreement to the contrary, Merchant shall cease paying the monthly Direct Marketing Fees, if Next Jump has not generated at least 35,000 orders for Merchant from Next Jump's customers, affiliates and employees on or before December 14, 2007. In such event, Next Jump will continue providing marketing services to Merchant for an additional 12 months until December 14, 2008 (with such additional 12-month period being referred to herein as the "Performance Based Marketing Term" or "PBMT") with the intent to reach 60,000 orders for Merchant by the end of the PBMT. If Next Jump has not generated at least 60,000 orders for Merchant by the end of the PBMT, Next Jump shall pay Merchant an amount equal to the product of $10.25 times the difference between 60,000 and the actual number of orders generated in the aggregate for Merchant by Next

9

>Jump during the terms of this Agreement. If during the PBMT orders reach a minimum of 60,000, Merchant will resume paying the Direct Marketing Fee in the month immediately following the month in which the minimum of 60,000 orders is reached.

19. On or about June 12, 2007, representatives from Next Jump and Blooms Today met at Next Jump's offices at 261 Fifth Avenue, New York, New York to finalize the agreement. The meeting was attended by Mayer, Morely and Gniazdowski from Blooms Today and Meghan Messenger, SVP Merchant Services ("Messenger"), Jiyoun Yoon, Associate, Merchant Accounts, ("Yoon"), Katie Sammis ("Sammis") and Jackie Boltax ("Boltax") from Next Jump.

20. During the meeting, it was agreed between the parties that the agreement would not contain the refund language in Section 3.2.1 as proposed by Blooms Today, but Next Jump agreed to guarantee a minimum of 60,000 orders regardless of how much time it took to achieve the guaranteed minimum.

21. Messenger assured Mayer that the agreement would be revised to reflect the agreed upon change. The parties agreed to have the change made while Mayer, Morely, Gniazdowski, Yoon, Sammis and Boltax went to dinner.

22. As the parties were eating dinner, a clerk from Next Jump arrived at the restaurant and brought a revised agreement which was handed to Mayer for execution.

23. Mayer signed the document handed to him at the dinner table with the expectation that the agreement contained the guaranteed minimum threshold language as promised and not the refund language that the parties agreed to remove.

24. Unbeknownst to Mayer, the agreement executed on June 12, 2007 did not include the guarantee for 60,000 orders as assured by Messenger at the time of and leading up to the June 12, 2007 meeting, but contained other alterations that Blooms Today had not agreed to.

PHDATA 3102658_2

25. Section 3.2.1. of the executed altered Merchant Offer Master Agreement ("Altered Agreement") provides, in relevant part:

> Notwithstanding anything in this Agreement to the contrary, if Next Jump has not generated at least 60,000 orders (in aggregate since June 15, 2007) for Merchant from Next Jump's customers, affiliates and employees on or before December 14, 2007, Merchant shall no longer be responsible for payment of future monthly Direct Marketing Fees (this in no way affects the amounts due from the implementation fee or marketing fees for the initial five months). In such event, Merchant will continue to be a merchant partner on the Perks Program until such time as 60,000 orders (in aggregate since June 15, 2007) for Merchant from Next Jump customers are reached, but not to exceed an additional 12 month period (December 14, 2008); however, Merchant will be removed from Tier 1. Upon such time as the 60,000 orders (in aggregate since June 15, 2007) threshold is reached or December 14, 2008, whichever is earlier, the contract terminates and terms can be renegotiated. Notwithstanding anything to the contrary, Merchant is, at a minimum, responsible for payment of the implementation fee and five months of marketing fees totaling $615,000.

26. Thus, contrary to Next Jump's representations, the Altered Agreement did not guarantee a minimum of 60,000 orders, but allowed Next Jump to remove Blooms Today from its program on December 14, 2008 regardless of how many orders had been generated.

27. Had Mayer not been mislead by Next Jump into signing the Altered Agreement, which did not contain the agreed guaranteed minimum, he would not have signed the agreement on behalf of Blooms Today.

28. Exhibit A to the Altered Agreement specifies the marketing efforts Next Jump was to provide to Blooms Today. These marketing services included "Site Placement on the Corporate Internet" with a circulation of 25 million plus future growth, a "Customized Offer Detail page, which will be customized to highlight [Blooms Today's] site with associated images

and content;" a premium home page placement for a minimum of one (1) week per month; inclusion in homepage gift guides; and premium exposure to the "Electronic" category page for the term of the Altered Agreement.

29.     Next Jump's marketing services also included "HR-to-Employee Marketing Campaign" with a circulation of 3.2 million; "Narrow-Casting to Targeted Individuals" to 3.5 million individuals with targeted "Messenger" emailing, targeted "Finder" emailing and targeted emailing exclusivity.

30.     Next Jump also agreed to provide Blooms Today with "Analytical Services" and "Campaign Management," including data demographics, profitability analysis, consumer insight analysis, personal definition and identification and real-time campaign reporting and optimization.

31.     Despite its obligations to provide the Marketing Services outlined in Exhibit A of the Altered Agreement, Next Jump failed to provide Blooms Today with these services.

32.     Despite repeated requests by Blooms Today, Next Jump failed to provide any evidence of its marketing efforts under the Altered Agreement.

33.     In the months following the execution of the Altered Agreement, Blooms Today noticed a very low order volume compared to the guarantees and representations from Next Jump.

34.     On or about July 19, 2007, Gniazdowski contacted Yoon at Next Jump and pointed out that Blooms Today was receiving less than 50 orders per day after a month of Next Jump's marketing and that Next Jump needed to provide at least a few hundred orders per day.

35.     Blooms Today made an initial payment of $115,000 to Next Jump; $57,500 on or about August 1, 2007 and $57,500 on or about August 2, 2007.

PHDATA 3102658_2

36. Blooms Today made a payment of $100,000 to Next Jump; $50,000 on or about September 4, 2007 and $50,000 on or about September 5, 2007.

37. A report prepared by Next Jump on or about September 27, 2007 indicated that the number of actual orders generated for Blooms Today products was well below what was required to meet the guarantee.

38. The order target for July was 5,024 but the actual number of orders generated was 689.

39. The order target for August was 7,729 but the actual number of orders generated was 1,008.

40. The order target for September was 9,322 but the actual number of orders generated was 1,187.

41. The order target for October was 10,848 but the actual number of orders generated was 1,332.

42. The order target for November was 11,652 but the actual number of orders generated was 998.

43. Blooms Today made a payment of $101,456.45 to Next Jump; $51,456.45 on or about October 1, 2007 and $50,000 on or about October 3, 2007.

44. The October 1, 2007 payment included Ongoing Offer Transaction Fees in the amount of $1,456.45.

45. On or about November 2, 2007, Gniazdowski and Mayer had a conference call with Messenger, Yoon and Mike Day at Next Jump regarding the low number of orders.

46. On or about November 7, 2007, after Next Jump's continued failure to address the issue of the low number of orders, Mayer reviewed the Altered Agreement and learned that the

language in the Altered Agreement regarding the guaranteed orders was not what the parties had agreed to during the negotiations.

47. A report prepared by Next Jump on or about December 6, 2007 indicated that the number of actual orders generated for Blooms Today products was still well below what was required to meet the guarantee.

48. Gniazdowski repeatedly brought the low number of orders generated as a result of Next Jump's marketing to the attention of Yoon during weekly telephone calls. Next Jump showed no sense of urgency to the low orders.

49. To date, Next Jump's marketing has generated only 6,359 orders.

50. To date, Blooms Today has paid to Next Jump a total of $316,456.45, resulting in substantial losses to Blooms Today.

## FIRST COUNTERCLAIM AGAINST NEXT JUMP

### Fraud in the Inducement (Rescission)

51. Blooms Today incorporates herein and realleges every allegation contained in Paragraphs 1 through 50 above as if fully set forth herein.

52. Next Jump knowingly made misrepresentations to Mayer and Blooms Today to induce Mayer to execute the Altered Agreement on behalf of Blooms Today.

53. Next Jump, through Messenger, materially misrepresented to Mayer and Blooms Today that the guarantee of 60,000 orders, without a time limitation, was included in the agreement to be executed on June 12, 2007.

54. In making this material misrepresentation, Next Jump intended to and did deceive Mayer into signing the Altered Agreement on behalf of Blooms Today.

PHDATA 3102658_2

55. Mayer reasonably believed and relied upon this material misrepresentation in signing the Altered Agreement; and but for this material misrepresentation, would not have signed the Altered Agreement.

56. Next Jump's misrepresentation was intended to, and in fact did, induce Blooms Today to sign the Altered Agreement.

57. The above-referenced conduct constitutes fraudulent inducement on the part of Next Jump.

58. Based on the foregoing misrepresentations and fraud in the inducement to enter into the Altered Agreement, Blooms Today demands rescission of the Altered Agreement and restitution for all payments paid to Next Jump, in addition to damages for other harm caused to Blooms Today.

59. Next Jump's conduct demonstrates willful misconduct, malice, fraud, or wantonness and demonstrates a specific intent to cause harm to Blooms Today. Blooms Today is therefore entitled to recover punitive damages to punish, penalize and/or deter Next Jump's actions.

## SECOND COUNTERCLAIM AGAINST NEXT JUMP

### Actual Fraud (Damages)

60. Blooms Today incorporates herein and realleges every allegation contained in Paragraphs 1 through 59 above as if fully set forth herein.

61. Messenger and Next Jump falsely represented to Mayer and Blooms Today that the Altered Agreement contained a guarantee of 60,000 orders.

62. Messenger and Next Jump made false representations of a material fact, intentionally or knowingly, with the intent to mislead Mayer and Blooms Today.

15

63. Mayer and Blooms Today relied on Messenger's and Next Jump's false representations and Blooms Today suffered damages as a result of its reasonable reliance in an amount to be determined.

64. Next Jump's conduct demonstrates willful misconduct, malice, fraud, or wantonness and demonstrates a specific intent to cause harm to Blooms Today. Blooms Today is therefore entitled to recover punitive damages to punish, penalize and/or deter Next Jump's actions.

## THIRD COUNTERCLAIM AGAINST NEXT JUMP

### Constructive Fraud (Damages)

65. Blooms Today incorporates herein and realleges every allegation contained in Paragraphs 1 through 64 above as if fully set forth herein.

66. Messenger and Next Jump falsely represented to Mayer and Blooms Today that the Altered Agreement contained a guarantee of 60,000 orders.

67. Messenger and Next Jump made false representations of a material fact, innocently or negligently, and intended Mayer and Blooms Today to rely on the false representations.

68. Mayer and Blooms Today reasonably relied on Messenger's and Next Jump's false representations and Blooms Today suffered damages as a result of its reliance in an amount to be determined.

69. Next Jump's conduct demonstrates willful misconduct, malice, fraud, or wantonness and demonstrates a specific intent to cause harm to Blooms Today. Blooms Today is therefore entitled to recover punitive damages to punish, penalize and/or deter Next Jump's actions.

PHDATA 3102658_2

## FOURTH COUNTERCLAIM AGAINST NEXT JUMP

### Unjust Enrichment

70. Blooms Today incorporates herein and realleges every allegation contained in Paragraphs 1 through 69 above as if fully set forth herein.

71. Unaware of Next Jump's fraud, Blooms Today paid money to Next Jump. As a result, Next Jump was enriched at Blooms Today's expense.

72. In light of Next Jump's unlawful tortious conduct, Next Jump has been unjustly enriched at the expense of Blooms Today, and the circumstances are such that in equity and good conscience Next Jump should compensate Blooms Today.

73. Blooms Today is entitled to recover for Next Jump's unjust enrichment in an amount to be determined but consisting of at least all monies paid by Blooms Today to Next Jump.

## FIFTH COUNTERCLAIM AGAINST NEXT JUMP

### Breach of Contract (In the Alternative)

74. Blooms Today incorporates herein and realleges every allegation contained in Paragraphs 1 through 73 above as if fully set forth herein.

75. On the occasion that the Altered Agreement is not rescinded but is found to be a legally enforceable agreement, Blooms Today contends that despite Next Jump's obligations to provide the Marketing Services specified in Exhibit A of the Altered Agreement, Next Jump failed to provide Blooms Today with these services or performed them in such a deficient manner as to render them valueless.

76. Next Jump has not adequately performed any of its services under the Altered Agreement and further attempts to perform would be futile.

77. As a result of the actions set forth above, Next Jump has materially breached the Altered Agreement, including the implied covenant of good faith and fair dealing under the Altered Agreement, by, among other things, failing to perform its duties as required under the Altered Agreement and misrepresenting its abilities to carry out such duties.

78. Next Jump's conduct amounts to a material breach of the Altered Agreement.

79. Blooms Today has satisfied any and all conditions and obligations, if any, necessary to maintain this claim.

80. As a result of Next Jump's breach of the Altered Agreement, Blooms Today has suffered damages in an amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Blooms Today respectfully prays that:

(a) Plaintiff's Complaint be dismissed with prejudice;

(b) For Blooms Today's First Counterclaim, the Court enter judgment rescinding the Altered Agreement, order restitution and award other damages;

(c) For Blooms Today's remaining Counterclaims, the Court award damages, as appropriate and to the extent not awarded on the First Counterclaim, in an amount to be determined;

(d) Next Jump be required to pay punitive damages in an amount sufficient to deter future unlawful conduct;

(e) Next Jump be required to pay Blooms Today's costs of this action and reasonable attorneys' fees, to the extent permitted by law; and

(f) Blooms Today be granted such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 8, 2008

                                      SCHNADER HARRISON SEGAL & LEWIS LLP

                              By: _____/s/ Kenneth R. Puhala_____
                                      Kenneth R. Puhala (KP-8104)
                                      Matthew S. Tamasco (MT-9193)
                                      Cynthia A. Murray (CM-8900)
140 Broadway, Suite 3100
New York, New York 10005-1101
Telephone: 212-973-8000
Facsimile: 212-972-8798
E-Mail kpuhala@schnader.com
*Attorneys for Defendant*
*Flowers Today, Inc. d/b/a Blooms Today*

19