UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEXT JUMP, INC.,

                  Plaintiff,

-against-

FLOWERS TODAY, INC. D/B/A/
BLOOMS TODAY,

                  Defendant.

08 Civ. 4745 (GEL)

**REPLY TO COUNTERCLAIMS**

Plaintiff NEXT JUMP, INC. ("NEXT JUMP"), by and through its attorneys, Hinshaw & Culbertson LLP, as and for its Answer to Defendant's FLOWERS TODAY, INC. D/B/A/ BLOOMS TODAY ("BLOOMS"), states as follows:

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "NATURE OF COUNTERCLAIM"

The statements contained under this heading are precatory in nature and do not allege matters of fact requiring a response. To the extent they infer the existence of facts supporting the claims for relief asserted against NEXT JUMP, they are denied.

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "PARTIES"

1. The allegations contained in paragraph "1" of the Counterclaims confirm the allegations of the Complaint and are therefore admitted.

2. Denies the allegations contained in paragraph "2" of the Counterclaims.

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "BACKGROUND"

3. Denies the allegations contained in paragraph "3" of the Counterclaims to the extent that they infer the existence of facts supporting the claims for relief asserted against

NEXT JUMP, and respectfully refers to the Court to the May 15, 2006 email for its complete contents and legal import, if any.

4. Denies the allegations contained in paragraph "4" of the Counterclaims to the extent that they infer the existence of facts supporting the claims for relief asserted against NEXT JUMP, and respectfully refers to the Court to the July 24, 2006 email for its complete contents and legal import, if any.

5. Denies the allegations contained in paragraph "5" of the Counterclaims to the extent that they infer the existence of facts supporting the claims for relief asserted against NEXT JUMP, and respectfully refers to the Court to the August 15, 2006 email for its complete contents and legal import, if any.

6. Denies the allegations contained in paragraph "6" of the Counterclaims to the extent that they infer the existence of facts supporting the claims for relief asserted against NEXT JUMP, and respectfully refers to the Court to the October 12, 2006 "proposal" for its complete contents and legal import, if any.

7. Denies the allegations contained in paragraph "7" of the Counterclaims to the extent that they infer the existence of facts supporting the claims for relief asserted against NEXT JUMP, and respectfully refers to the Court to the October 18, 2006 correspondence for its complete contents and legal import, if any.

8. Denies the allegations contained in paragraph "8" of the Counterclaims to the extent that they infer the existence of facts supporting the claims for relief asserted against NEXT JUMP, and respectfully refers to the Court to the November 1, 2006 email for its complete contents and legal import, if any.

9. Denies the allegations contained in paragraph "9" of the Counterclaims to the

31029147v1 887954

extent that they infer the existence of facts supporting the claims for relief asserted against NEXT JUMP, and respectfully refers to the Court to the December 1, 2006 proposal for its complete contents and legal import, if any.

10. Denies the allegations contained in paragraph "10" of the Counterclaims, except admits that negotiations between NEXT JUMP and BLOOMS took place, the legal import of which is respectfully referred to the Court for determination.

11. Denies the allegations contained in paragraph "11" of the Counterclaims.

12. Denies the allegations contained in paragraph "12" of the Counterclaims.

13. Denies the allegations contained in paragraph "13" of the Counterclaims to the extent that they infer the existence of facts supporting the claims for relief asserted against NEXT JUMP, and respectfully refers to the Court to the June 1, 2007 email and draft Merchant Offer Master Agreement for its complete contents and legal import, if any.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Counterclaims.

15. Denies the allegations contained in paragraph "15" of the Counterclaims.

16. Denies the allegations contained in paragraph "16" of the Counterclaims.

17. Admits the allegations contained in paragraph "17" of the Counterclaims and refers the Court to the Proposed Agreement for a determination as to its legal import, if any.

18. The allegations contained in paragraph "18" of the Counterclaims are not averments which require a response; NEXT JUMP respectfully refers to the Court to Section 3.2.1 of the June 11, 2007 draft of the Merchant Offer Master Agreement for its complete contents and legal import, if any.

19. Admits the allegations contained in paragraph "19" of the Counterclaims.

20. Denies the allegations contained in paragraph "20" of the Counterclaims.

21. Denies the allegations contained in paragraph "21" of the Counterclaims.

22. Admits the allegations contained in paragraph "22" of the Counterclaims.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Counterclaims, except admits that Mayer received and signed the document.

24. Denies the allegations contained in paragraph "24" of the Counterclaims.

25. The allegations contained in paragraph "25" of the Counterclaims are not averments which require a response; NEXT JUMP respectfully refers to the Court to Section 3.2.1 of the June 11, 2007 draft of the Merchant Offer Master Agreement for its complete contents and legal import, if any.

26. Denies the allegations contained in paragraph "26" of the Counterclaims.

27. Denies the allegations contained in paragraph "27" of the Counterclaims.

28. Denies the allegations contained in paragraph "28" of the Counterclaims to the extent that they infer the existence of facts supporting the claims for relief asserted against NEXT JUMP, and respectfully refers to the Court to the executed Merchant Offer Master Agreement and its exhibits for its complete contents and legal import, if any.

29. Denies the allegations contained in paragraph "29" of the Counterclaims to the extent that they infer the existence of facts supporting the claims for relief asserted against NEXT JUMP, and respectfully refers to the Court to the executed Merchant Offer Master Agreement and its exhibits for its complete contents and legal import, if any.

30. Denies the allegations contained in paragraph "30" of the Counterclaims to the extent that they infer the existence of facts supporting the claims for relief asserted against

31029147v1 887954

NEXT JUMP, and respectfully refers to the Court to the executed Merchant Offer Master Agreement and its exhibits for its complete contents and legal import, if any.

31. Denies the allegations contained in paragraph "31" of the Counterclaims.

32. Denies the allegations contained in paragraph "32" of the Counterclaims.

33. Denies the allegations contained in paragraph "33" of the Counterclaims.

34. Denies the allegations contained in paragraph "34" of the Counterclaims.

35. Admits the allegations contained in paragraph "35" of the Counterclaims.

36. Admits the allegations contained in paragraph "36" of the Counterclaims.

37. Denies the allegations contained in paragraph "37" of the Counterclaims.

38. Denies the allegations contained in paragraph "38" of the Counterclaims and respectfully refers the Court to the evidence concerning the number of orders received and the reasons therefore to determine its legal import, if any.

39. Denies the allegations contained in paragraph "39" of the Counterclaims and respectfully refers the Court to the evidence concerning the number of orders received and the reasons therefore to determine its legal import, if any.

40. Denies the allegations contained in paragraph "40" of the Counterclaims and respectfully refers the Court to the evidence concerning the number of orders received and the reasons therefore to determine its legal import, if any.

41. Denies the allegations contained in paragraph "41" of the Counterclaims and respectfully refers the Court to the evidence concerning the number of orders received and the reasons therefore to determine its legal import, if any.

42. Denies the allegations contained in paragraph "42" of the Counterclaims and respectfully refers the Court to the evidence concerning the number of orders received and the

31029147v1 887954

reasons therefore to determine its legal import, if any.

43. Admits the allegations contained in paragraph "43" of the Counterclaims.

44. Admits the allegations contained in paragraph "44" of the Counterclaims.

45. Denies the allegations contained in paragraph "45" of the Counterclaims, excepts admits that a telephone conference took place.

46. Denies the allegations contained in paragraph "46" of the Counterclaims.

47. Denies the allegations contained in paragraph "47" of the Counterclaims.

48. Denies the allegations contained in paragraph "48" of the Counterclaims and respectfully refers the Court to the evidence concerning the number of orders received and the reasons therefore to determine its legal import, if any.

49. Denies the allegations contained in paragraph "49" of the Counterclaims and respectfully refers the Court to the evidence concerning the number of orders received and the reasons therefore to determine its legal import, if any.

50. Denies the allegations contained in paragraph "50" of the Counterclaims, except admits that BLOOMS has paid NEXT JUMP a total of $316,456.45.

## IN RESPONSE TO THE ALLEGATIONS
## UNDER THE HEADING "FIRST COUNTERCLAIM"

51. Repeats, realleges and incorporates by reference its responses set forth above in paragraphs 1 through 50 in response to paragraph 51 of the Counterclaims.

52. Denies the allegations contained in paragraph "52" of the Counterclaims.

53. Denies the allegations contained in paragraph "53" of the Counterclaims.

54. Denies the allegations contained in paragraph "54" of the Counterclaims.

55. Denies the allegations contained in paragraph "55" of the Counterclaims.

56. Denies the allegations contained in paragraph "56" of the Counterclaims.

- 6 -

31029147v1 887954

57.	Denies the allegations contained in paragraph "57" of the Counterclaims.

58.	Denies the allegations contained in paragraph "58" of the Counterclaims.

59.	Denies the allegations contained in paragraph "59" of the Counterclaims.

## IN RESPONSE TO THE ALLEGATIONS
## UNDER THE HEADING "SECOND COUNTERCLAIM"

60.	Repeats, realleges and incorporates by reference its responses set forth above in paragraphs 1 through 59 in response to paragraph 60 of the Counterclaims.

61.	Denies the allegations contained in paragraph "61" of the Counterclaims.

62.	Denies the allegations contained in paragraph "62" of the Counterclaims.

63.	Denies the allegations contained in paragraph "63" of the Counterclaims.

64.	Denies the allegations contained in paragraph "64" of the Counterclaims.

## IN RESPONSE TO THE ALLEGATIONS
## UNDER THE HEADING "THIRD COUNTERCLAIM"

65.	Repeats, realleges and incorporates by reference its responses set forth above in paragraphs 1 through 64 in response to paragraph 65 of the Counterclaims.

66.	Denies the allegations contained in paragraph "66" of the Counterclaims.

67.	Denies the allegations contained in paragraph "67" of the Counterclaims.

68.	Denies the allegations contained in paragraph "68" of the Counterclaims.

69.	Denies the allegations contained in paragraph "69" of the Counterclaims.

## IN RESPONSE TO THE ALLEGATIONS
## UNDER THE HEADING "FOURTH COUNTERCLAIM"

70.	Repeats, realleges and incorporates by reference its responses set forth above in paragraphs 1 through 69 in response to paragraph 70 of the Counterclaims.

71.	Denies the allegations contained in paragraph "71" of the Counterclaims.

31029147v1 887954

72. Denies the allegations contained in paragraph "72" of the Counterclaims.

73. Denies the allegations contained in paragraph "73" of the Counterclaims.

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "FIFTH COUNTERCLAIM"

74. Repeats, realleges and incorporates by reference its responses set forth above in paragraphs 1 through 73 in response to paragraph 74 of the Counterclaims.

75. Denies the allegations contained in paragraph "75" of the Counterclaims.

76. Denies the allegations contained in paragraph "76" of the Counterclaims.

77. Denies the allegations contained in paragraph "77" of the Counterclaims.

78. Denies the allegations contained in paragraph "78" of the Counterclaims.

79. Denies the allegations contained in paragraph "79" of the Counterclaims.

80. Denies the allegations contained in paragraph "80" of the Counterclaims.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

81. BLOOMS' counterclaims are barred because they fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

82. BLOOMS' counterclaims are barred by the parol evidence rule.

### THIRD AFFIRMATIVE DEFENSE

83. BLOOMS' counterclaims are barred by the merger clause contained in the executed agreement.

### FOURTH AFFIRMATIVE DEFENSE

84. BLOOMS' claims are barred by the doctrine of ratification.

## FIFTH AFFIRMATIVE DEFENSE

85. BLOOMS' counterclaims are barred in whole or in part by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

86. BLOOMS' causes of action are barred in whole or in part by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

87. BLOOMS' counterclaims are barred by reason of NEXT JUMP'S full and complete performance under the Merchant Offer Master Agreement, BLOOMS' acceptance of such performance and BLOOM'S contemporaneous payments to NEXT JUMP in consideration for such performance.

## EIGHTH AFFIRMATIVE DEFENSE

88. BLOOMS failed to plead their claims of fraud with specificity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

89. BLOOMS alleged damages were caused by factors beyond the control of NEXT JUMP.

## TENTH AFFIRMATIVE DEFENSE

90. BLOOMS' claims are barred in whole or in part under the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

91. BLOOMS' claims are barred in whole or in part by claims are barred by the economic loss rule.

31029147v1 887954

## TWELFTH AFFIRMATIVE DEFENSE

92. BLOOMS' claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

93. BLOOMS' claims are barred in whole or in part by the duty to mitigate.

## FOURTEENTH AFFIRMATIVE DEFENSE

94. NEXT JUMP reserves the right to amend its Answer to the Counterclaims and to allege additional affirmative defenses based on facts discovered during the course of discovery and investigation of this action.

**WHEREFORE,** Plaintiff NEXT JUMP, INC. respectfully requests that this Court enter judgment in its favor by dismissing the Counterclaims and awarding the relief sought in the Complaint, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 28, 2008

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: _____
Philip Touitou (PT-4302)
Concepcion Montoya (CM-7147)

Attorneys for Plaintiff
NEXT JUMP, INC.
780 Third Avenue, 4th Floor
New York, NY 10017
(212) 471-6200

31029147v1 887954

TO: Kenneth R. Puhala, Esq.
Matthew S. Tamasco, Esq.
Cynthia A. Murray, Esq.
SCHNADER HARRISON SEGAL & LEWIS LLP
Attorneys for Defendant
FLOWERS TODAY, INC. D/B/A/ BLOOMS TODAY
140 Broadway, Suite 3100
New York, New York 10005-1101

31029147v1 887954